NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

ERIC D. COLEMAN (*Pro Hac Vice*)
Attorney Email Address: ecoleman@sulaimanlaw.com
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 ext. 105
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES L. APODACA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC,<br><br>　　　　　Defendant. | Case No.  2:19-cv-06596-CAS-PJW<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT**

NOW comes JAMES L. APODACA ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of ADVANCED CALL CENTER TECHNOLOGIES, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a 74 year old consumer residing in Whittier, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency operating out of the state of Pennsylvania. Defendant is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 1235 Westlake Drive, Suite 160, Berwyn, Pennsylvania.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon two outstanding Synchrony Bank ("Synchrony") consumer obligations ("subject consumer debts") allegedly owed by Plaintiff.

10. One of the subject consumer debts stems from purchases Plaintiff made on a personal QVC credit card account issued through Synchrony.

11. The other subject consumer debt stems from purchases Plaintiff made on a personal Stein Mart credit card account issued through Synchrony.

12. Plaintiff used both of the credit cards issued by Synchrony to make purchases that were for personal use.

13. After incurring the subject consumer debts, Plaintiff allegedly defaulted on his payments to Synchrony.

14. Synchrony subsequently turned collection of the subject consumer debts over to Defendant after Plaintiff's purported default on those obligations.

15. On or around April 4, 2019, Defendant sent or caused to be sent a correspondence to Plaintiff which sought collection of the subject consumer debt Plaintiff incurred in connection with the QVC account. *See* Exhibit A.

16. The correspondence lists the "Total Account Balance" of this subject consumer debt as $1,209.18. *Id.*

17. Immediately below the listing of the account balance, the correspondence outlines the "Amount Now Due" as $238.00. *Id.*

18. On or around April 8, 2019, Defendant sent or caused to be sent a correspondence to Plaintiff which sought collection of the subject consumer debt Plaintiff incurred in connection with the Stein Mart account. *See* Exhibit B.

19. The correspondence lists the "Total Account Balance" of this subject consumer debt as $318.42. *Id.*

20. Immediately below the listing of the account balance, the correspondence outlines the "Amount Now Due" as $157.00. *Id.*

21. The April 4, 2019 and April 8, 2019 correspondences are substantially the same, save for the information regarding the specific accounts each respective letter was referencing.

22. Each correspondence further states "If circumstances are preventing you from paying the Amount Now Due referenced above, please call our office **today** at 866-445-6548 . . . ."

23. Each correspondence goes on to state "Synchrony Bank may continue to add interest and fees as provided in your agreement. If you pay the balance shown above, an additional payment may be necessary to pay your account balance in full." *Id.*

24. Below this portion of each correspondence, the correspondences provide the 30-day validation notice required to be provided in debt collectors' initial communications with consumers under 15 U.S.C. § 1692g – which is designed to describe consumers' rights and ability to dispute the debt within the first 30 days of receiving a written communication from a debt collector.

25. The nature of Defendant's correspondence is designed in a way that overshadows and obfuscates the rights of Plaintiff under the FDCPA.

26. Specifically, Defendant's correspondence and its emphasis on Plaintiff's prompt payment – specifically the repeated references to the amount **now** due, and further through the request for a return phone call **today** – overshadows Plaintiff's rights to submit a dispute and receive debt validation within 30-days of receiving an initial communication from a debt collector.

27. Defendant's references to portions of the subject debts as being due now, and further the request for a return call today, causes Plaintiff and the least sophisticated consumers to respond

4

with a level of immediacy to Defendant's correspondences which causes Plaintiff and the least sophisticated consumer to forego their dispute and validation rights afforded under § 1692g.

28. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

29. Plaintiff has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

33. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

34. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated 15 U.S.C. § 1692e and e(10) when it deceptively and misleadingly obfuscated the nature of Plaintiff's rights to dispute the subject debts within the 30 day validation

5

period. Defendant's correspondences and the language used therein was designed to compel Plaintiff's immediate payment on at least a portion of the subject debt. This is evident through the references to "Amount Now Due," the request for an immediate return phone call, as well as the references to the continuing accrual of interest if action was not taken, as all of these representations illustrate the extent to which Plaintiff had to act "now" and address the situation "today" – lest he be forced to pay more in connection with the subject debt or otherwise suffer adverse consequences if immediate action was not taken. However, compelling such immediate payment and requesting a same-day return call misleads and deceives consumers as to the rights available to them under the FDCPA, as such an immediate demand for payment and phone call made within the same correspondence outlining Plaintiff's 30-day validation period risks consumers acting in favor of Defendant's immediate demand for payment and phone call, in dereliction of the dispute and validation rights which otherwise could have been exercised.

### b.  Violations of the FDCPA § 1692g

38. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to provide consumers with various pieces of information regarding consumer's rights to dispute the validity of certain debts. Pursuant to 15 U.S.C. § 1692g(b), any "communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

39. Defendant violated § 1692g(b) through the nature of its correspondences sent to Plaintiff which were designed to compel Plaintiff's immediate payment and action in connection with the subject consumer debts. The structure of Defendant's collection correspondences and the several references to amounts *now* due and requests for a phone call *today* instilled a sense of immediacy in Plaintiff, and instills a sense of immediacy in the least sophisticated consumers, which has the impact of forcing Plaintiff and consumers to forego their rights to seek validation of the subject

consumer debts and instead make payments to Defendant or otherwise forego the rights available to them under the FDCPA.

WHEREFORE, Plaintiff, JAMES L. APODACA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

42. The alleged subject debts are "debt[s]" and "consumer debt[s]" as defined by Cal. Civ. Code § 1788.2(d) and (f).

43. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA § 1788.17**

44. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

45. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and g of the FDCPA. Defendant engaged in

deceptive and noncompliant conduct in its attempts to collect a series of debts from Plaintiff, in violation of the RFDCPA.

46. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, JAMES L. APODACA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: October 25, 2019                    Respectfully submitted,

By: /s/ Eric D. Coleman
Eric D. Coleman, Esq.
Admitted *pro hac vice*
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue., Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 x. 105
Facsimile: (630) 575-8188
Email: ecoleman@sulaimanlaw.com

Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wadjalawgroup.com